United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 14, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 06-31064
Summary Calendar

———————

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CASSETTI DEWAYNE BROWN

Defendant-Appellant

———————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:03-CR-20050-ALL

———————

Before JOLLY, DENNIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Cassetti Dewayne Brown appeals his conviction, following a March 2006 jury trial, of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). To convict a defendant of violating 18 U.S.C. § 922(g)(1), "the government must prove that the defendant (1) has been convicted of a felony; (2) possessed a firearm in or affecting interstate commerce; and (3) knew that he was in possession of the firearm." United States v. Ybarra, 70 F.3d 362, 365 (5th Cir. 1995). Brown concedes that the evidence of the first two elements was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sufficient to support a conviction, but argues that the evidence that he knew he was in possession of the firearm was insufficient as a matter of law to sustain the jury's verdict. Because Brown preserved his challenge to the sufficiency of the evidence, the applicable standard of review is "whether, viewing all the evidence in the light most favorable to the verdict, a rational trier of fact could have found that the evidence establishes the essential elements of the offense beyond a reasonable doubt." See United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003).

Unlawful possession of a firearm may be actual or constructive. United States v. Wright, 24 F.3d 732, 734 (5th Cir. 1994). Ordinarily, a person has constructive possession of an item when that person has ownership, dominion, or control over the item or location of the item. Id. However, when the premises where the item was found are jointly occupied, this court applies "a commonsense, fact-specific approach to determining whether constructive possession was established." United States v. Mergerson, 4 F.3d 337, 349 (5th Cir. 1993) (internal quotation marks and citation omitted). This court has "found constructive possession in [joint occupancy] cases only when there was some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the weapon or contraband." Id.

That Brown purchased the gun in 1992 evidences his ownership of the weapon. While the gun was discovered in a house occupied by both Brown and his grandmother, it was located in Brown's bedroom closet underneath bags containing his clothes. The jury was free to disbelieve as incredible Brown's assertion that he had never seen the gun before. United States v. Martinez, 975 F.2d 159, 161 (5th Cir. 1992). Finally, Carl Payton's testimony that Payton had seen what he believed to be the butt end of a gun in Brown's car constitutes further evidence supporting the verdict.

Brown's attack on the credibility of the Government's witnesses miss the mark, as this court makes all credibility determinations in the light most

favorable to the verdict. See Villarreal, 324 F.3d at 322. Likewise, the evidence did not need to "exclude every other reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt" to support the verdict. United States v. Bermea, 30 F.3d 1539, 1551 (5th Cir. 1994). Finally, United States v. Beverly, 750 F.2d 34, 36-37 (6th Cir. 1984), cited by Brown, is distinguishable from the present case. In Beverly, the defendant had not purchased the gun at issue, nor did he live in the house, much less sleep in the room, where the gun was discovered. Id.

The evidence was sufficient to support the jury's conclusion that Brown, at least constructively, knew he possessed the gun.

AFFIRMED.